IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| COLEEN CLEMENTE, | 04-CV-1417-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS, MAX WILLIAMS, REBECCA PRINSLOW, and WADE SCROGHAM, | |
| Defendants. | |


**COLEEN CLEMENTE**
2242 Wildwood Dr. S.E.
Salem, OR 97306
(503)409-0658

     Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**KEITH J. BAUER**
Parks, Bauer, Sime, Winkler & Fernety LLP
570 Liberty St. S.E., Suite 200
Salem, OR  97301
(503)371-3502

    Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on the Petition for Attorneys' Fees and Costs (#78) filed by Defendant Oregon Department of Corrections (ODOC).  For the reasons that follow, the Court **DENIES** Defendant's Petition.

## BACKGROUND

    On October 1, 2004, Plaintiff filed a Complaint in which she alleged Defendant ODOC, her employer, and individual Defendants who have since been dismissed discriminated against her on the basis of her sex in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, and the Equal Pay Act (EPA), 29 U.S.C. §§ 206(d) and 216(b).

    Before filing this action, Plaintiff filed two complaints against Defendant with the Oregon Bureau of Labor and Industries (BOLI).  In her first complaint, Plaintiff alleged sex discrimination in violation of Title VII.  In her second complaint, Plaintiff alleged wage discrimination based on her sex in violation of the EPA.  On October 20, 2003, BOLI dismissed

2 - OPINION AND ORDER

Plaintiff's Title VII complaint on the ground that there was not sufficient evidence to continue its investigation. On December 1, 2004, BOLI dismissed Plaintiff's EPA complaint because it had been pending for one year and BOLI no longer had any authority to adjudicate the claim. *See* Or. Rev. Stat. § 659A.830(3)(except in certain instances, "all authority of the [BOLI] commissioner . . . ceases one year after the complaint is filed unless the commissioner has issued a finding of substantial evidence . . . during the one-year period."). Following both dismissals, BOLI issued Plaintiff a notice of her right to bring a civil action.

On approximately January 26, 2004, Plaintiff filed an EPA claim with the Equal Employment Opportunity Commission (EEOC). The EEOC dismissed Plaintiff's complaint on July 9, 2004, because the EEOC was unable to conclude the information submitted by Plaintiff established a statutory violation.

In her Complaint filed in this Court on October 1, 2004, Plaintiff brought three claims against Defendant ODOC. In her First Claim under Title VII and Third Claim under the EPA, Plaintiff alleged Defendant discriminated against her because of her sex. In Plaintiff's Second Claim, she alleged Defendant retaliated against her in violation of Title VII after she complained about sex discrimination. On March 18, 2005, Defendant filed an Answer to Plaintiff's Complaint in which

3 - OPINION AND ORDER

Defendant asserted a Counterclaim for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

On March 10, 2006, Defendant moved for summary judgment against all of Plaintiff's claims. On July 7, 2006, the Court issued an Opinion and Order in which it found Plaintiff had established a *prima facie* case of wage discrimination in her First and Third Claims brought under Title VII and the EPA respectively. The Court, however, concluded that Defendant successfully carried its burden of proving by a preponderance of the evidence that the disparity in pay was justified by a legitimate, gender-neutral business reason, but Plaintiff, in turn, was unable to demonstrate that Defendant's rationale was pretextual. The Court, therefore, granted summary judgment to Defendant as to Plaintiff's First and Third Claims. The Court also granted summary judgment to Defendant as to Plaintiff's Second Claim for retaliation in violation of Title VII on the ground that Plaintiff failed to establish a *prima facie* case by showing that she suffered an adverse employment action.

On July 7, 2006, the Court directed Plaintiff and Defendant to confer as to whether Defendant intended to proceed with its Counterclaim for attorneys' fees and costs. On August 23, 2006, Defendant notified the Court that the parties had conferred, they did not reach a resolution, and Defendant intended to file a petition for attorneys' fees as the prevailing party pursuant to

42 U.S.C. § 2000e-5(k).

On September 18, 2006, Defendant filed a Petition for Attorney Fees and Costs instead of pursuing the issue as a Counterclaim. The Court notes Defendant's Petition is based on 42 U.S.C. § 2000e-5(k), but its Counterclaim was based on 42 U.S.C. § 1988. The standards under both statutes as to when a prevailing defendant may recover attorneys' fees, however, are identical. *Hughes v. Rowe*, 449 U.S. 5, 14-16 (1980)(*per curiam*). Thus, Defendant's Petition for Attorneys' Fees and Costs constitutes the only remaining substantive issue to be resolved in this matter.

## STANDARDS

### I. Attorneys' Fees

In an action brought under Title VII, 42 U.S.C. § 2000e-5(k) provides "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." In general, a "prevailing party" is one who has been awarded some relief by the court on the merits of at least some of the claims asserted. *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980). *See also Farrar v. Hobby*, 506 U.S. 103, 111 (1992)(The "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties."). Here the parties do not dispute the fact that

5 - OPINION AND ORDER

Defendant is the prevailing party.

A prevailing defendant in a Title VII case may not recover attorneys' fees unless the plaintiff's "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). "Only in exceptional cases did Congress intend that defendants be awarded attorney's fees under Title VII." *Mitchell v. Office of Los Angeles Co. Superintendent of Sch.*, 805 F.2d 844, 848 (9th Cir. 1986).

Unlike Title VII, the EPA, as part of the Fair Labor Standards Act, expressly authorizes attorneys' fees only to prevailing plaintiffs and not to prevailing defendants. *See* 29 U.S.C. § 216(b). Although the Ninth Circuit has not indicated whether a defendant may recover attorneys' fees under the EPA, other circuit courts have held a prevailing defendant may only recover attorneys' fees under the EPA if the plaintiff litigated a claim in bad faith, which is a more stringent standard than Title VII requires. *See, e.g., Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998).

## II. Costs

Pursuant to Federal Rule of Civil Procedure 54(d), costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. The rule "creates a presumption in favor of awarding costs to a

6 - OPINION AND ORDER

prevailing party, but vests in the district court discretion to refuse to award costs."  *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).  A district court's discretion, however, is not unlimited because the court must specify appropriate reasons for refusal to award costs.  *Id.*

## DISCUSSION

I.  **Defendant's Petition for Attorneys' Fees.**

Defendant seeks attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k) on the ground that Plaintiff's claims were frivolous, unreasonable, or without foundation, and, therefore, Defendant asserts it is entitled to attorneys' fees pursuant to *Christiansburg*.

A.  **Plaintiff's First and Second Claims under Title VII.**

As noted by the Supreme Court in *Christiansburg*, prevailing Title VII defendants are entitled to attorneys' fees only when the plaintiff's "claim was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so."  434 U.S. at 422.  The Court found this rule is required to protect the goals of Title VII because awarding attorneys' fees to prevailing defendants as a matter of course "would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII."  *Id.* at 422.  The Court, therefore, cautioned district courts to "resist the

7 - OPINION AND ORDER

understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421-22.

In *Hudson v. Western Airlines, Inc.*, the Ninth Circuit refused to award attorneys' fees to a successful Title VII defendant because "[t]he fact that [the plaintiff] did not prevail is not enough."  851 F.2d 261, 267 (9th Cir. 1988).  In *Warren v. City of Carlsbad*, the Ninth Circuit applied the *Christiansburg* standard to support a denial of Rule 11 sanctions against a *pro se* plaintiff on the ground that the plaintiff's claim was not clearly frivolous because he had established a *prima facie* case of racial discrimination and other facts that tended to show discriminatory motive.  58 F.3d 439, 444-45 (9th Cir. 1995).  In fact, the Ninth Circuit rarely has awarded attorneys' fees to prevailing defendants when applying *Christiansburg* and then only under exceptional circumstances. *See, e.g., Margolis v. Ryan*, 140 F.3d 850, 854-55 (9th Cir. 1998)(court upheld attorneys' fee award to the prevailng defendants under the *Christiansburg* standard when the plaintiff's § 1983 claims were based on unsupported accusations of a conspiracy between a state trial-court judge and opposing attorneys to "fix" the outcome of an earlier state-court action against the plaintiff).

8 - OPINION AND ORDER

Here Defendant contends the administrative dismissals of Plaintiff's claims prior to this action establish that Plaintiff's Title VII claims were frivolous and, therefore, support Defendant's position that it is entitled to attorneys' fees.  In *Miller v. Los Angeles County Board of Education*, however, the Ninth Circuit concluded otherwise.  The court noted rejection of the plaintiff's claims by the California Labor Commission, the EEOC, and the California Department of Fair Housing was not sufficient to establish that the plaintiff's action in federal district court was frivolous, and *Christiansburg* requires more than mere administrative dismissal to establish that a claim is frivolous.  827 F.2d 617, 620 (9th Cir. 1987).

Defendant also argues the fact that Plaintiff's Title VII claims did not withstand summary judgment proves its contention that the claims were frivolous.  As noted, however, Plaintiff established a *prima facie* case with respect to her First Claim even though Defendant successfully rebutted that claim by showing a gender-neutral, legitimate business reason for Plaintiff's pay differential.  Nevertheless, Defendant points out the Court used the phrase "without merit" when discussing Plaintiff's First Claim and, in addition, found Plaintiff could not establish a *prima facie* case as to her Second Claim.

The Court's descriptive language, however, falls short of a

holding that Plaintiff's Title VII claims were frivolous under the standard of *Christiansburg*.  In any event, the fact that the Court granted summary judgment to Defendant does not by itself establish that Plaintiff's claims were frivolous, unreasonable, or groundless.  *See Hudson*, 851 F.2d at 267.

In addition, the Court must consider the fact that Plaintiff appears *pro se* in this matter.  In *Miller*, the Ninth Circuit held the "*Christiansburg* standard is applied with particular strictness in cases [when] the plaintiff proceeds *pro se*."  827 F.2d at 620.  The court reasoned "pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim."  *Id.*  Thus, a *pro se* plaintiff is generally entitled to greater leniency when a court considers whether to award attorneys' fees to a Title VII defendant pursuant to *Christiansburg*.  Nevertheless, Defendant argues Plaintiff should not be treated like any other *pro se* plaintiff because she is an attorney who asserts she is highly qualified and experienced.  The Court notes, however, even though Plaintiff is a licensed attorney who passed bar examinations in two states and ran an independent law practice in one state, she was not a practicing attorney, did not have the experience of a practicing employment-law attorney, and had only worked for ODOC for three years at the time she brought this action.  Thus, although Plaintiff is likely

10 - OPINION AND ORDER

more knowledgeable and skilled than a typical *pro se* plaintiff because of her legal background, the Court finds that fact only weighs slightly against Plaintiff under *Miller* and, in any event, does not negate the need to apply *Christiansburg* strictly.

Accordingly, on this record, the Court finds Defendant did not establish that Plaintiff's claims were frivolous, unreasonable, or groundless under the *Christiansburg* standard. The Court, therefore, concludes Defendant is not entitled to attorneys' fees as to Plaintiff's First and Second Claims brought under Title VII.

### B. **Plaintiff's Claim Three under the EPA.**

Unlike 42 U.S.C. § 2000e-5(k), which allows both prevailing plaintiffs and defendants to recover attorneys' fees in a Title VII action, the EPA only expressly authorizes awards of attorneys' fees to prevailing plaintiffs; *i.e.*, not to prevailing defendants. *See* 29 U.S.C. § 216(b)("The court in such action shall, in addition to any judgment awarded to the *plaintiff or plaintiffs*, allow a reasonable attorney's fee to be paid *by the defendant*, and costs of the action.")(emphasis added). *See also Coughlin v. Shimizu Am. Corp.*, 991 F. Supp. 1226, 1230-31 (D. Or. 1998)(attorneys' fee awards to prevailing EPA defendants are uncommon). Although the Ninth Circuit has not expressly ruled on this issue, some courts have held a defendant may recover attorneys' fees under the EPA if a plaintiff litigates a claim in

11 - OPINION AND ORDER

bad faith. *See, e.g., Turlington*, 135 F.3d at 1437 (court remanded attorneys' fees questions to the district court to make fact findings as to whether the plaintiff acted in bad faith and, therefore, an attorneys' fee award was warranted).

Here the record does not reflect Plaintiff acted in bad faith, and the fact that Plaintiff persistently pursued claims on which she did not prevail does not show otherwise. The Court, therefore, concludes Defendant is not entitled to an award of attorneys' fees under the EPA as to Plaintiff's Third Claim.

In summary, the Court finds Plaintiff's claims were not frivolous, the circumstances were not exceptional, and the claims were not brought in bad faith. Accordingly, the Court, in the exercise of its discretion, denies Defendant's Petition for Attorney Fees.

**2.   Defendant's Petition for Costs.**

Defendant also seeks to recover costs. 29 U.S.C. § 216(b) of the EPA allows an award of costs to a prevailing plaintiff. 42 U.S.C. § 2000e-5(k) allows any prevailing party to recover attorneys' fees, but the statute does not explicitly allow a recovery of other costs. Federal Rule of Civil Procedure 54(d), however, allows an award of costs to any prevailing party. Although Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, a court may deny costs for appropriate reasons. *Ass'n of Mexican-American Educators*, 231

12 - OPINION AND ORDER

F.3d at 591.

Defendant seeks $6,477.57 in costs, which it describes as court-reporter fees. Those costs are "itemized" in Defendant's Petition as follows:

```
COURT REPORTER FEES:

    Heather Shaw                            $     127.00
    Sally Parrish                               2,105.00
    Sally Parrish                                 505.00
    Sally Parrish                                 745.00
    Bridget Montero                               192.84
    Gregor Ralston                                211.85
    Sally Parrish                                 896.25
    Sally Parrish                                 670.20
    Video Productions (Ellen Margolis)            150.00
    Sally Parrish                                 790.25
    US District Court                              84.18
```

Keith J. Bauer Aff. at 2.

Plaintiff objects to Defendant's request for costs on the ground that Defendant has failed to submit receipts or documentation to verify the costs.

Although Defendant has submitted a transcript of Plaintiff's deposition taken on November 28, 2005, together with two certificates signed by Court Reporter Sally Parrish on December 30, 2005, Defendant does not identify the charges related to this transcript. The only support for Defendant's claim for court-reporter fees is the above itemization standing alone. In other words, there is not any explicit statement these fees were even incurred in this case and not any basis for the Court to determine they were reasonable and necessary. In

13 - OPINION AND ORDER

particular, there is not any documentation describing when any of the court-reporter fees were incurred, the rate the reporter charged, or the nature of the proceedings. Defendant's Petition for costs, therefore, does not conform with Local Rule 54.1(a)(2), which requires verification of a bill of costs pursuant to the requirements of 28 U.S.C. § 1924.

On this record, the Court is not able to determine with any certainty whether Defendant's costs were appropriate or necessary. The Court, therefore, denies Defendant's Petition for costs.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Petition for Attorneys' Fees and Costs (#78).

IT IS SO ORDERED.

DATED this 7th day of December, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER